IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOSH SNYDER,                              )
                                         )
           Plaintiff,                    )      Civil Action No. 3:24-cv-00090-CB
                                         )
     v.                                  )
                                         )      Chief Judge Cathy Bissoon
NORFOLK SOUTHERN RAILWAY CO.,            )
                                         )
           Defendant.                    )

**MEMORANDUM AND ORDER**

Pending before the Court are Defendant's Motion for Summary Judgment (Doc. 38),

Plaintiff's Motion to Strike (Doc. 44) and Defendant's Motion to Strike (Doc. 51).  For the

reasons that follow, the Court will deny both parties' motions to strike, but grant summary

judgment in favor of Defendant.

**I.        MEMORANDUM**

Plaintiff has brought suit against Defendant Norfolk Southern Railway Co. ("Norfolk")

under the Americans with Disabilities Act ("ADA") for rescinding a conditional job offer in

2022, when the results of the requisite medical examination showed that he had monocular

vision—vision in only one eye.  See Compl. (Doc. 1) at ¶¶ 18–25; Def.'s Concise Statement of

Material Facts (Doc. 39) at ¶¶ 14–15, 22, 31.  The Electrical Apprentice Signal Trainee ("Signal

Trainee") position to which he applied in 2022 required all employees to obtain a Class A

Commercial Driver's License ("CDL") within the first ninety days of employment.  See Doc. 39

at ¶ 13.  Under federal regulation, applicants like Plaintiff with monocular vision and no prior

CDL or sufficient experience driving commercial vehicles can nonetheless obtain a CDL under

the alternative vision standard if they pass a road test.  See 49 C.F.R. § 391.44(d); Doc. 39 at

1

¶¶ 25–29.  Plaintiff argues that Defendant discriminated against him when it failed to provide him with a reasonable accommodation by either exempting him from the CDL requirement or paying for his road test.  See Pl.'s Resp. to Mot. for Summ. J. (Doc. 42) at 10.[1]

### a.  Motions to Strike

Both parties have filed motions to strike.  Plaintiff moves to strike the Declaration of manager Mitchell J. Noble (Doc. 39-1) based on Defendant's failure to disclose the identity of this witness under Federal Rule of Civil Procedure 26(a)(1)(A)(i).  See Pl.'s Mot. to Strike (Doc. 44) at 1–2.  Defendant moves to strike the Declaration of union member Doug VanderJagt (Doc. 41-1) based on Plaintiff's failure to accurately disclose the subject matter of this witness's knowledge under the same Rule.  See Def.'s Mot. to Strike (Doc. 51) at 1.

The Court will deny both Motions.  Although Defendant did not specifically name Noble as having discoverable information, it did identify him by reference to Plaintiff's disclosures, which included "[m]angers, [e]mployees, and [a]gents" of Defendant, of which Noble is one. Pl.'s Initial Disclosures (Doc. 50-1) at ¶ A.2; see Def.'s Initial Disclosures (Doc. 44-3) at 3. Similarly, the subject matter of general CDL requirements and use by various job positions discussed in the VanderJagt Declaration is not so removed from the subject matter disclosed by Plaintiff.  See Doc. 50-1 at ¶ A.3 (identifying that VanderJagt was "likely to have knowledge of, *inter alia*, Norfolk Southern's policies, procedures, and practices regarding the medical standards of new hires, and the misapplication of these standards that led to the withdrawal of Snyder's job offer").  Both parties had sufficient opportunity to pursue discovery of the information in either Declaration, and neither case warrants the extreme remedy of exclusion under Rule 37(c)(1).

---

[1] Whether Plaintiff is limiting his theory to a reasonable accommodation theory is unclear from his summary judgment response, see Doc. 42 at 10; the Court therefore will evaluate all implicated theories of recovery.  Plaintiff's claims fail under any theory.

See Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904–05 (3d Cir. 1977),

overruled on other grounds by Goodman v. Lukens Steel Co., 777 F.2d 113 (3d Cir. 1985).

### b. Motion for Summary Judgment

On summary judgment, Defendant argues, in pertinent part, that Plaintiff is not

"qualified" for the Signal Trainee position because a CDL is an essential function of the job, and

Plaintiff could not obtain one under 49 C.F.R. § 391.41 because of his monocular vision; nor did

he have the additional experience or the requisite road test to obtain one under the alternative

vision standard. See Def.'s Br. in Supp. of Mot. for Summ. J. (Doc. 40) at 19–24. Moreover,

even if Plaintiff were a qualified individual with a disability, Defendant argues it had legitimate,

nondiscriminatory reasons to withdraw its job offer in accordance with the regulatory

requirements, and Plaintiff has no evidence of pretext. See id. at 26–29. Finally, Defendant

argues it had no obligation to provide Plaintiff with a reasonable accommodation because

Plaintiff never requested it. See id. at 29–31.

The Court agrees that summary judgment for Defendant is appropriate, and there are no

genuine issues of material fact for trial.

Plaintiff is not a qualified person with a disability[2] under the ADA for the reasons set

forth in Defendant's brief and reply. See id. at 19–24; Def.'s Reply in Supp. of Mot. for Summ.

J. (Doc. 47) at 2–10; 42 U.S.C. § 12111(8) ("The term 'qualified individual' means an individual

who, with or without reasonable accommodation, can perform the essential functions of the

employment position . . . ."); McNelis v. Pennsylvania Power & Light Co., 867 F.3d 411, 415

(3d Cir. 2017) (stating that a person is "qualified" if they "satisfy 'the prerequisites for the

---

[2] While Plaintiff's disability is disputed, the Court will assume that Plaintiff is disabled for the purposes of summary judgment.

position'" and are "able to 'perform the essential functions of the position . . . , with or without reasonable accommodation'" (quoting 29 C.F.R. pt. 1630 app.).  The requirements for the only position Plaintiff sought when he applied in 2022 (Signal Trainee) cannot reasonably be disputed.  See Collective Bargaining Agreement ("CBA") (Doc. 39-3) at 4 ("All Signal Trainees must obtain a CDL during their first ninety (90) days of field training."); Signal Trainee Job Description (Doc. 39-2) at 3 (stating that Signal Trainees are "[r]equired to get [a] Class A CDL in [the] probation period," which "is 90 days").  While interesting that there are other jobs within the Company that do not require a CDL, see Pl.'s Resp. to Def.'s Concise Statement of Material Facts (Doc. 41) at ¶ 4, this one clearly did.

Nor can it be disputed that Plaintiff failed to satisfy or pursue the alternative vision standard.  See Doc. 39 at ¶¶ 24–30, 39–40.  Plaintiff was informed that he could pursue this alternative course to meet the CDL requirement of the Signal Trainee position.  See Sept. 12, 2022, Letter Rescinding Pl.'s Job Offer (Doc. 39-6) at 2 ("We are aware that you were able to be qualified under the Alternative Vision Standard, 49 CFR § 391.44[, which] . . . requires road testing by the employer. . . . If you are able to complete necessary training and provide documentation that [you] have passed the applicable road test, you would be eligible to reapply should a position be available, and you are otherwise qualified.").  It is undisputed that he elected not to.  Defendant has no obligation to make an exception to a required element of the job.  See Doc. 47 at 4–10; see, e.g., Albertson's, Inc. v. Kirkingburg, 527 U.S. 555, 577 (1999) (holding that the ADA permits an employer to set job qualifications according to safety regulatory standards and to refuse to allow disabled employees to pursue an experimental waiver); Rodrigo v. Carle Found. Hosp., 879 F.3d 236, 239–41, 244 (7th Cir. 2018) (affirming dismissal of an ADA claim on summary judgment because the applicant was not "qualified" where he

4

failed to pass a prerequisite licensing exam due to insomnia, even with accommodations, and was not reinstated or permitted to take it again).

Even if Plaintiff could establish a *prima facie* case of discrimination, Defendant has put forth a very legitimate nondiscriminatory explanation for its decision — namely, the position requires a CDL, and Plaintiff could not meet, and apparently decided not to try to meet, that requirement.  See Doc. 40 at 26–29; Doc. 39 at ¶¶ 21–31, 39–40; Doc. 39-3 at 4; Doc. 39-2 at 3; Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (stating that an employer may refute a *prima facie* claim of discrimination with "evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision").  There simply is no evidence of pretext here.  See Sheridan v. E.I. DuPont de Nemours & Co., 100 F.3d 1061, 1067 (3d Cir. 1996) (en banc) ("[T]he plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." (quoting Fuentes, 32 F.3d at 764)).

Finally, as to the accommodation issue, contrary to Plaintiff's theory of the case, it is clear that an accommodation was offered to Plaintiff — namely, that he pursue the alternative vision standard and reapply.  See Doc. 39-6 at 2.  Plaintiff failed to make any effort to do so.  See Doc. 39 at ¶¶ 39–40.  Beyond that accommodation, the employer simply is not obligated to waive or eliminate an essential function of the job.  See Skerski v. Time Warner Cable Co., a Div. of Time Warner Ent. Co., L.P., 257 F.3d 273, 285 n.4 (3d Cir. 2001) ("[E]mployers are not required to accommodate an employee by removing an essential function or restructuring a job so as to avoid it . . . .").  Nor is the Court aware of any authority holding that an employer must

provide an essential credential to an applicant — either by funding training or otherwise — to render that applicant qualified for a position. The cases cited by Plaintiff are inapposite for the reasons set forth in Defendant's reply. See Doc. 47 at 4–7. Plaintiff's accommodation theory must fail.[3]

## II.    ORDER

For the foregoing reasons, the Court DENIES Plaintiff's MOTION to Strike (Doc. 44) and Defendant's MOTION to Strike (Doc. 51). The Court GRANTS Defendant's MOTION for Summary Judgment (Doc. 38).

IT IS SO ORDERED.

June 30, 2026                                         s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     Chief United States District Judge

cc (via ECF email notification):

All counsel of record

---

[3] To the extent Plaintiff suggests Defendant owed him further medical evaluation, see Doc. 42 at 6, he appears to refer to a different regulation pertaining to a different position (conductor). Moreover, even if that provision were applicable, that provision requires the employee to request such follow up. See 49 C.F.R. § 242.117 ("A person not meeting the thresholds in paragraphs (h) and (i) of this section shall, *upon request*, be subject to further medical evaluation by a railroad's medical examiner to determine that person's ability to safely perform as a *conductor*." (emphasis added)). Plaintiff has not presented evidence that he made such an overture here.

6